No. 1180.

EDGAR RICHARD VS. JULES ROUSSEAU.

A police jury has the power to remove a treasurer appointed by it.
There exists no antagonism between R. S., Sec. 2743 and Article 201 of the Constitution. The right of removal delegated by the statute was not abrogated by the Article. The constitutional provision relates to certain parish and municipal officers elected by the people or appointed by the Executive, and does not apply to subordinate functionaries chosen by a police jury.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Fontelieu*, J.

*E. Simon* for Plaintiff and Appellant.

*Mouton & Martin* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is a proceeding to test the power of a police jury to remove and replace a treasurer appointed by them.

The plaintiff became such treasurer in May, 1880.   Charges having been preferred against him, in January, 1882, he was then discharged or removed by the police jury who, in April following, appointed the defendant to succeed him.

By Section 2743, R. S., pars. 10 and 11, power is expressly delegated to police juries to appoint a treasurer for the Parish, and all officers necessary to carry into execution the parish regulations and to *remove* them from office.

Article 201 of the present Constitution provides, that, for causes, district attorneys, clerks of court, sheriffs, coroners, recorders, justices of the peace, and all other parish, municipal and ward officers, shall be removed by judgment of the District Court of the domicil of such officer.

There exists no antagonism or inconsistency between the two provisions.

The Section of the R. S. refers to functionaries appointed or chosen by a political corporation.   The constitutional Article applies exclusively to quite different classes of officers, namely: to such as are elected by the people, or appointed by the Executive.

In conferring on police juries the right of appointment and removal, the legislature intended to enable those bodies, in cases of expediency and urgency, to act promptly, for the protection and preservation of the public interest.

Plaintiff's bill of exception to the admission of an extract from the minutes of the police jury, offered to establish his removal, has not escaped our attention ; but affords him no relief.   His objection went, not to the admissibility, but to the effect.   The District Judge ruled correctly.

Judgment affirmed.